FILED
2017 Aug-04  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

DOCUMENT 2



ELECTRONICALLY FILED
7/3/2017 7:32 AM
39-CV-2017-900133.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
DONNA BARKSDALE, CLERK

## IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT MILES, an individual,    ) | |
| ) | |
| **Plaintiffs,**    ) | |
| v.    ) | **CIVIL ACTION NO. _____** |
| ) | |
| **JESSE RYAN an individual;**    ) | |
| **ATC CHATTANOOGA LLC d/b/a PREMIER**    ) | |
| **TRUCK GROUP OF CHATTANOOGA, a**    ) | |
| **corporation;**    ) | |
| **ABC, being that person, firm, or corporation**    ) | |
| **that owned, leased, or otherwise controlled the**    ) | |
| **vehicle being driven by Defendant JESSE RYAN**    ) | |
| **and negligently and/or wantonly entrusted said**    ) | |
| **vehicle to Defendant, JESSE RYAN, at the time**    ) | |
| **of the collision which is the subject of this**    ) | |
| **lawsuit;**    ) | |
| **DEF, being that person firm or corporation that**    ) | |
| **was the employer, master, or principal of**    ) | |
| **Defendant(s) JESSE RYAN and/or ABC, whose**    ) | |
| **true names and legal status are otherwise** | |
| **unknown to the Plaintiff, but who will be** | |
| **substituted by amendment when ascertained by** | |
| **Plaintiff,** | |

**Defendants.**

## COMPLAINT

### I.

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Roosevelt Miles is an individual resident citizen of Madison County,

Alabama, and has been at all material times referred to herein.

2.    Defendant, Jesse Ryan, upon information and belief, is an individual resident citizen

of Hamilton County, Tennessee, and has been at all material times referred to herein.

DOCUMENT 2

3. Defendant ATC Chattanooga LLC d/b/a Premier Truck Group of Chattanooga, upon information and belief, is an entity doing business in Jackson County, Alabama, and has been at all material times referred to herein.

4. Fictitious Defendant(s), ABC, is/are believed to be a resident citizen, municipality, and/or a corporation doing business in Jackson County, Alabama, at all material times referred to herein.

5. Fictitious Defendant(s), DEF, is/are believed to be a resident citizen, municipality, and/or a corporation doing business in Jackson County, Alabama, at all material times referred to herein.

6. The automobile collision which forms the basis of this suit occurred in Jackson County, Alabama.

## II.

## FACTS

7. The Plaintiff avers that on December 16, 2015, the vehicle he was driving was traveling on U.S. HWY 72 in Jackson County, Alabama. when the Defendant driver, Jesse Ryan, caused a vehicle he was operating to collide into the Plaintiff's vehicle. As a result of the Defendant's negligent and wanton actions, Plaintiff sustained severe and permanent injuries and damages.

## III.

### FIRST CAUSE OF ACTION - NEGLIGENCE/WANTONNESS
### (Defendant Jesse Ryan)

8. The Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set out herein.

DOCUMENT 2

9.    The Plaintiff avers that Defendant, Jesse Ryan, acted negligently, recklessly, and/or wantonly in causing the collision referenced above, and as a proximate consequence of said negligence, recklessness, and/or wantonness, the Plaintiff has been injured and damaged and permanently injured and permanently damaged.

IV.

## SECOND CAUSE OF ACTION - *RESPONDEAT SUPERIOR*
### (Defendants ATC Chattanooga LLC d/b/a Premier Truck Group Of Chattanooga and/or Fictitious Defendant DEF)

10.    The Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set out herein.

11.    The Plaintiff avers that all of his injuries and damages were proximately caused by the negligence, willfulness, recklessness, and/or wantonness of the Defendant, ATC Chattanooga LLC d/b/a Premier Truck Group Of Chattanooga, and/or Fictitious Defendant DEF, acting by and through its agent, servant, or employee, Jesse Ryan.

V.

## THIRD CAUSE OF ACTION - *NEGLIGENCE, RECKLESSNESS, AND/OR WANTONNESS*
### (Defendant ATC Chattanooga LLC d/b/a Premier Truck Group Of Chattanooga and/or Fictitious Defendants ABC and DEF)

12.    The Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set out herein.

13.    The Plaintiff avers that all of his injuries and damages were proximately caused by the negligence, willfulness, recklessness, and/or wantonness of Defendant ATC Chattanooga LLC d/b/a Premier Truck Group Of Chattanooga and/or Fictitious Defendants ABC and DEF. The negligence, willfulness, recklessness, and/or wantonness of the aforementioned

DOCUMENT 2

Defendant(s) includes, but is not limited to, the following specific acts/omissions:

    (A)    Failure to properly train Jesse Ryan;

    (B)    Failure to properly supervise Jesse Ryan;

    (C)    Retained Jesse Ryan despite knowledge of his incompetency;

    (D)    Hired Jesse Ryan without doing due diligence into his background and/or with knowledge of his potential incompetency;

    (E)    Entrusted a vehicle to Jesse Ryan despite possessing information, or information that should have been possessed, regarding his incompetency;

    (F)    Failure to enforce its applicable operating and/or safety rules against Jesse Ryan.

    (G)    Failure to create policies, procedures, and/or rules for Jesse Ryan to utilize and follow; and

    (H)    It was otherwise willful, reckless, wanton, and negligent.

    14.    Plaintiff further avers that Defendant Penske owned, leased, or otherwise controlled the vehicle being used by the Defendant, Jesse Ryan, on December 16, 2015 at the time of the collision which is the subject of this lawsuit.

## VI.

### CAUSATION

    15.    The Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set out herein.

    16.    The Plaintiff avers that all of his injuries and damages have been proximately caused by the combined and concurring negligent, willful, reckless, and/or wanton misconduct of the above mentioned Defendants and fictitious Defendants on the occasion of the aforesaid

DOCUMENT 2

collision.

## VII.

## INJURIES AND DAMAGES

17.     As a direct and proximate result of the incident which is the subject of this action,

the Plaintiff has suffered and seeks to recover for the following injuries and damages:

        (a)    Past medical bills;

        (b)    Future medical bills;

        (c)    Past lost wages;

        (d)    Future lost wages and fringe benefits;

        (e)    Mileage and other expenses incidental to receiving treatment and care for his injuries;

        (f)    Past physical pain and mental anguish;

        (g)    Future physical pain and mental anguish;

        (h)    Permanent physical impairment and disability;

        (i)    Property damage;

        (j)    Inability to carry out and enjoy the usual and normal activities of life, and;

        (k)    He has otherwise been injured and damaged.

## VIII.

## DEMAND FOR DAMAGES

18.     **WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully

demands judgment against each of the Defendants, jointly and severally, including the fictitious

party Defendants, in a sum in excess of jurisdictional limits of this court, to be determined by a

jury, which will fairly and adequately compensate the Plaintiff for injuries and damages

DOCUMENT 2

sustained, together with interest from the date of injury, and the costs of this proceeding.

19.    As a direct result of the willfulness, wantonness, and recklessness of the

actions of one or more Defendants, Plaintiff further seeks an award of punitive damages in a sum

sufficient to punish and deter the conduct of one or more Defendants.  Plaintiff seeks punitive

damages in an amount that is determined to be reasonable and fair by a jury of Plaintiff's peers

IX.

## JURY DEMAND

20.    **The Plaintiff demands a trial by struck jury.**

/s/ Henry A. Lawrence, III
HENRY A. LAWRENCE, III (LAW051)
*Attorney for Plaintiff*
WETTERMARK & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
P. (205) 933-9500
F. (205) 977-3431

hlawrence@wKfirm.com

PLAINTIFFS' ADDRESS
Roosevelt Miles
104 Mildredge Springs Court
Huntsville, AL 35806

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
**Jesse Ryan**
4600 Parkside Lane
Chattanooga, TN 37416

**ATC Chattanooga LLC d/b/a Premier Truck Group Of Chattanooga**
c/o CT Corporation System
800 South Gay Street
Suite 2021
Knoxville, TN 37929-9710

DOCUMENT 4



ELECTRONICALLY FILED
7/3/2017 7:32 AM
39-CV-2017-900133.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
DONNA BARKSDALE, CLERK

## IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

| | |
|---|---|
| **ROOSEVELT MILES, an individual,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **CIVIL ACTION NO. _____ _____** |
| ) | |
| **JESSE RYAN an individual;** ) | |
| **ATC CHATTANOOGA LLC d/b/a** ) | |
| **PREMIER TRUCK GROUP OF** ) | |
| **CHATTANOOGA, a corporation;** ) | |
| **ABC, being that person, firm, or** ) | |
| **corporation that owned, leased, or** ) | |
| **otherwise controlled the vehicle being** ) | |
| **driven by Defendant JESSE RYAN and** ) | |
| **negligently and/or wantonly entrusted** ) | |
| **said vehicle to Defendant, JESSE RYAN,** ) | |
| **at the time of the collision which is the** ) | |
| **subject of this lawsuit;** ) | |
| **DEF, being that person firm or** ) | |
| **corporation that was the employer,** ) | |
| **master, or principal of Defendant(s)** ) | |
| **JESSE RYAN and/or ABC, whose true** ) | |
| **names and legal status are otherwise** ) | |
| **unknown to the Plaintiff, but who will be** ) | |
| **substituted by amendment when** ) | |
| **ascertained by Plaintiff,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ATC CHATTANOOGA LLC d/b/a PREMIER TRUCK GROUP OF CHATTANOOGA

**COMES NOW** the Plaintiff, ROOSEVELT MILES, in the above case and propounds the following Interrogatories to Defendant ATC CHATTANOOGA LLC d/b/a PREMIER TRUCK GROUP OF CHATTANOOGA as follows:

1.      What factors, if any, does this Defendant contend contributed to the incident that forms the basis of this lawsuit?

**ANSWER**:

2.     State the name and present address of all persons known to you, your agents or attorney who witnessed the accident which is the subject matter of this litigation.

**ANSWER**:

3.     State the name, address, and telephone number of all persons known to this Defendant that possess knowledge regarding any facts or circumstances surrounding this lawsuit.

**ANSWER**:

4.     State in detail all training provided by this Defendant to Defendant Jesse Ryan, pertaining to operation of any company vehicle.

**ANSWER**:

5.     Regarding Defendant Jesse Ryan, state the following:

    (a).    The dates of employment with this Defendant;

    (b).    His job title and job duties for the Defendant;

    (c).    If he is no longer employed by the Defendant, state in detail (1) the last date he worked for the Defendant; (2) whether his employment was terminated by the Defendant; and (3) the reasons, if any, his employment was terminated; and

    (d).    Whether this Defendant had been notified that Mr. Ryan had violated any motor vehicle traffic control laws during the preceding ten years from the date of the incident forming the basis of this lawsuit and if the answer is yes, the dates and types of violations;

**ANSWER**:

6.     Provide the name, address, and telephone number of the person or persons employed by the Defendant who were responsible for supervising the work of Jesse Ryan.

**ANSWER**:

7.     Had Defendant Jesse Ryan been involved in any previous on-the-job motor vehicle incidents during his employment with this Defendant before the incident forming the basis of this lawsuit?  If the answer is yes, state the following:

      (a)     The date or dates of the previous automobile accidents;

      (b)     The names of the parties involved;

      (c)     Whether traffic citations were issued, and if so, the charge of the traffic citation and the disposition of said citations;

**ANSWER**:

8.     Did this Defendant perform a pre-employment background check on employee Defendant Jesse Ryan? If the answer is yes, describe in detail the name and address of the person(s) that performed the background check, the type of pre-employment background check performed and the results of the background check.

**ANSWER**:

9.     Has this Defendant been a party to any previous lawsuit(s) during the ten year period preceding the date of the incidents forming the basis of this lawsuit,  where allegations were made against the Defendant that one or more of its employees had negligently and/or wantonly operated a vehicle?   If the answer is yes, state the following:

      (a)     The date of the incident;

      (b)     The style of the case, including, the name of the parties, the court where the action was pending, and the civil action number; and

      (c)     The name, address and telephone number of Defendant's employee that was involved.

**ANSWER**:

10.     State the names, addresses, and telephone numbers of all witnesses you will call at the trial of this case.

**ANSWER**:

11.     Provide the name and current address of the dispatcher(s) that was responsible for assigning job tasks and dispatching job assignments to Defendant Jesse Ryan on the date of the incident and during the 30 days preceding the events of this lawsuit.

**ANSWER**:

12.     Provide the name and address of this Defendant's safety director.

**ANSWER**:

13.     State in detail the procedure utilized by this Defendant to track and
record its drivers work/driving record? Specifically, does this Defendant utilize a driver's "paper"
logs and/or is a computerized system utilized?  If a computerized system is utilized, please describe
the system providing the name of the system, type of system, and software utilized.

**ANSWER**

14.     Did the Defendant conduct an investigation into the event of the incident that forms
the basis of this lawsuit?  If so, please state the names and positions of such employees of the
Defendant or other individuals who conducted the investigation.

**ANSWER**:

15.     State the names, addresses, and telephone numbers of all persons who
have given either written or oral statements to the Defendant or to any of its agents or lawyers.

**ANSWER**:

16.     Identify each person whom you expect to call as an expert witness at the trial of
this case and, as to each, describe:

>           (a)     Qualifications as an expert;
>
>           (b)     Subject matter upon which said expert is expected to testify;
>
>           (c)     Give a summary of the grounds for each opinion;
>
>           (d)     Identify all documents which have been provided to the expert witness; and
>
>           (e)     Identify all documents prepared by the expert witness which relates to the
>                   subject matter of this lawsuit.

**ANSWER**:

17.     Do you contend that the actions and/or omissions of Defendant Jesse Ryan
contributed in any way to the incidents forming the basis of this lawsuit.  Please explain your
response in detail.

**ANSWER**:

18.     Does this Defendant maintain hard copies of Defendant Jesse Ryan's driver logs? If so, state for which dates this Defendant possesses copies of Defendant Jesse Ryan's driver logs.

**ANSWER**:

19.     Does this Defendant contend that the actions or omissions of the Plaintiff contributed, in any way, to the events forming the basis of this lawsuit? If so, state all facts known to this Defendant that support its contention that Plaintiff's actions or omissions contributed, in any way, to the events of this lawsuit.

**ANSWER**:

Respectfully submitted,

**/s/ HENRY A. LAWRENCE**
HENRY A. LAWRENCE, III (LAW051)
WETTERMARK, & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, Alabama 35243
Telephone: (205) 933-9500
Facsimile:   (205) 977-3431
Email: Hlawrence@wkfirm.com

**PLEASE SERVE WITH COMPLAINT**



ELECTRONICALLY FILED
7/3/2017 7:32 AM
39-CV-2017-900133.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
DONNA BARKSDALE, CLERK

## IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT MILES, an individual, ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **CIVIL ACTION NO. _____** |
| ) | |
| JESSE RYAN an individual; ) | |
| ATC CHATTANOOGA LLC d/b/a ) | |
| PREMIER TRUCK GROUP OF ) | |
| CHATTANOOGA, a corporation; ) | |
| ABC, being that person, firm, or ) | |
| corporation that owned, leased, or ) | |
| otherwise controlled the vehicle being ) | |
| driven by Defendant JESSE RYAN and ) | |
| negligently and/or wantonly entrusted ) | |
| said vehicle to Defendant, JESSE RYAN, ) | |
| at the time of the collision which is the ) | |
| subject of this lawsuit; ) | |
| DEF, being that person firm or ) | |
| corporation that was the employer, ) | |
| master, or principal of Defendant(s) ) | |
| JESSE RYAN and/or ABC, whose true ) | |
| names and legal status are otherwise ) | |
| unknown to the Plaintiff, but who will be ) | |
| substituted by amendment when ) | |
| ascertained by Plaintiff, ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, ATC CHATTANOOGA LLC d/b/a PREMIER TRUCK GROUP OF CHATTANOOGA

COMES NOW the Plaintiff, Roosevelt Miles, in the above styled cause and propounds the following Request for Production of Documents to Defendant ATC Chattanooga LLC d/b/a Premier Truck Group of Chattanooga, as follows:

      1.    Produce a copy of Jesse Ryan's driver qualification file and/or personnel file.

**RESPONSE**:

2.      Please produce a copy of all written driving tests provided/administered to Jesse Ryan during his employment with this Defendant and Jesse Ryan's answers/results on those tests.

**RESPONSE**:

3.      A copy of all written driving tests provided to any employee(s) of this Defendant during the five year period preceding the date of the events forming the basis of this lawsuit and the answer key to those tests.

**RESPONSE**:

4.      Produce electronic and paper copies of the dispatching records pertaining to the dispatching of job assignments for Jesse Ryan on the date of the events forming the basis of this lawsuit <u>and</u> for the 30 day period preceding the events of this lawsuit.

**RESPONSE**:

5.      Produce copies of all telephone and communication logs between this Defendant and employee Jesse Ryan for the date of the incident and the thirty days preceding the date of the incident.

**RESPONSE**:

6.      Produce copies of the cellular phone records of Jesse Ryan for the date of the incident and the two days preceding the date of the incident.

**RESPONSE**:

7.      Produce copies of the maintenance, inspection, and repair records for this Defendant's vehicle, which was involved in the subject incident, for the one year period *preceding* the date of the incident.

**RESPONSE**:

8.      Produce copies of the maintenance, inspection, and repair records for this Defendant's vehicle, which was involved in the subject incident, for the six month period *following* the date of the incident.

**RESPONSE**:

9.      Produce the driver logs of Jesse Ryan for the date of the incident and the thirty day period *preceding* the date of the incident.

**RESPONSE**:

10.    Produce an electronic and paper copy of all onboard recording devices located on the vehicle, including but not limited to GPS devices, QUALCOMM's, OMNITRACS, and all other data recording devices of any type, for the day of the incident and for the thirty day period *preceding* the incident.

**RESPONSE:**

11.    Produce a complete copy of this Defendant's investigative file pertaining to this incident.

**RESPONSE**:

12.    Produce a copy of all incident reports, including but not limited to governmental agency reports, completed concerning this incident.

**RESPONSE**:

13.    Produce an electronic and paper copy printout of all on-board surveillance cameras, trip records, and collision warning system devices (black boxes) pertaining to the date of the incident.

**RESPONSE**:

14.    Produce color copies of all photographs, videos, diagrams, and/or drawings of the scene of the incident or of the equipment and/or vehicles involved in the incident.

**RESPONSE**:

15.    A copy of any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment that may be entered against this Defendant.

**RESPONSE**:

16.    All documents, photographs, and/or records that support this Defendant's contention that the Plaintiff was negligent or that the actions of some third party contributed to causing the incident.

**RESPONSE**:

17.    All documents or physical things that this Defendants may introduce as exhibits or use in any manner at the trial of this case.

**RESPONSE:**

18.     Copies of any and all photographs, videos, or films, of any type, depicting the Plaintiff, including, but not limited to, any and all surveillance films/photos/videos taken by this Defendant or persons acting on this Defendant's behalf, or at this Defendant's direction.

**RESPONSE**:

19.     Produce any and all personnel, employee or driver handbooks or manuals or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit.  This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments changes and supplements that were not adopted.

**RESPONSE**:

20.     Produce any and all safety or standard operating procedure manuals or any other such document (whether provided to drivers, dispatchers, safety directors, operation managers, truck managers, terminal mangers, review committees, operational officers, clerical employees and/or auditors) that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit.  This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

**RESPONSE:**

21.     Produce any and all orientation or new employee manuals, materials, texts, brochures, pamphlets, videos, forms or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit.  This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

**RESPONSE:**

22.     Produce any and all training and/or educational manuals, materials, texts, brochures, pamphlets, videos,  forms or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of this lawsuit.  This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were adopted.

**RESPONSE:**

23.     Produce any and all hiring policies and procedures or any other such documents that pertain to or were used at any time during the employment of the driver involved in the incident made the basis of the lawsuit.  This request is inclusive of all replaced, amended or updated documents, all amendments, changes and supplements to such documents, and all proposed amendments, changes and supplements that were not adopted.

**RESPONSE:**


24.     Produce any and all Accident Registers that include on them the incident made the basis of plaintiff's complaint, as well as any other Accident Registers that include accidents involving the operator (Jesse Ryan) of your vehicle involved in the accident made the basis of this lawsuit.

**RESPONSE:**

25.     Produce any and all documents regarding this Defendant's post-accident alcohol and controlled substance testing of Jesse Ryan.

**RESPONSE:**

27.     Produce any and all driver's vehicle inspection reports that were completed for the subject trip.

**RESPONSE:**

28.     Produce the Accident Claim File for the incident made the basis of plaintiff's complaint, as well as any other Accident Claim Files that include accidents involving the operator (Jesse Ryan) of your vehicle involved in the accident made the basis of this lawsuit.

**RESPONSE:**

29.     Produce any and all photographs taken or made by you or on your behalf, or in your possession, relating to the incident made the basis of the lawsuit.

**RESPONSE:**

30.     Produce any and all accident review policies and procedures for determining whether any accident is chargeable or non-chargeable, preventable or non-preventable.

**RESPONSE:**

31.     Produce any and all documents reviewed or provided to the accident review committee for the accident in question, as well as any such documents pertaining to any accident involving the driver (Jesse Ryan) during the incident made the basis of the lawsuit at all times during his employment with you.

**RESPONSE:**

32.     Produce any and all documents regarding a preventability decision for the accident in question, as well as any preventability decision resulting from any accident involving the driver (Jesse Ryan) during the incident made the basis of the lawsuit at all times during his employment with you.

**RESPONSE:**

33.     Produce any and all documents pertaining to any expert employed on your behalf in this lawsuit. Produce for inspection and copying said expert's entire file relating to the above-captioned case, including, but not limited to, any and all records, handwritten notes, calculations, results of research and investigation, records, reports, correspondence, memoranda, questionnaires, testing and testing results, photographs, video tapes, diagrams, charts, bills rendered and statements of charges, as well as any and all other materials in his possession pertaining to his or her evaluation of the incident made the basis of the lawsuit.

**RESPONSE:**

34.     Produce any and all documents generated or used by the driver as a result of the wreck made the basis of the lawsuit. This request includes, but is not limited to, accident packages, pictures, witness statement forms, driver statement forms, waiver of liability forms, accident and incident forms, or all other documents created by the driver involved in the incident made the basis of the lawsuit.

**RESPONSE:**

35.     Produce  the document retention/destruction program or policy of this Defendant.

**RESPONSE:**

Respectfully submitted,

**/s/ HENRY A. LAWRENCE III**

HENRY A. LAWRENCE III (LAW051)
WETTERMARK, & KEITH, LLC
3595 Grandview Parkway, Suite 350
Birmingham, Alabama 35243
Telephone: (205) 933-9500
Facsimile: (205) 933-3139
Email: Hlawrence@wkfirm.com

**PLEASE SERVE WITH COMPLAINT**



ELECTRONICALLY FILED
7/3/2017 7:32 AM
39-CV-2017-900133.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
DONNA BARKSDALE, CLERK

## IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT MILES, an individual, )<br><br>Plaintiffs, )<br>v. )<br><br>JESSE RYAN an individual; )<br>ATC CHATTANOOGA LLC d/b/a )<br>PREMIER TRUCK GROUP OF )<br>CHATTANOOGA, a corporation; )<br>ABC, being that person, firm, or )<br>corporation that owned, leased, or )<br>otherwise controlled the vehicle being )<br>driven by Defendant JESSE RYAN and )<br>negligently and/or wantonly entrusted )<br>said vehicle to Defendant, JESSE )<br>RYAN, at the time of the collision )<br>which is the subject of this lawsuit; )<br>DEF, being that person firm or )<br>corporation that was the employer, )<br>master, or principal of Defendant(s) )<br>JESSE RYAN and/or ABC, whose true )<br>names and legal status are otherwise )<br>unknown to the Plaintiff, but who will )<br>be substituted by amendment when )<br>ascertained by Plaintiff, )<br><br>Defendants. ) | CIVIL ACTION NO. _____ |

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT JESSE RYAN

**COMES NOW** the Plaintiff, Roosevelt Miles, by and through undersigned counsel in the

above styled cause, pursuant to the Alabama Rules of Civil Procedure, and propounds the following

Interrogatories to the Defendant, Jesse Ryan, as follows:

### INTERROGATORIES

1.      State your full name, your current address, date of birth, social security number,

driver's license number, type of driver's license, state of issuance, and date of driver's license

issuance.

**ANSWER**:

    2.    State the name and present address of all persons known to you, your agents or attorney who witnessed the accident which is the subject matter of this litigation, and state whether you, your agents, or attorney have obtained a statement from any of them.

**ANSWER**:

    3.    State the name, address, and telephone number of all persons known to you that possess knowledge regarding any facts or circumstances surrounding this lawsuit.

**ANSWER**:

    4.    Provide a complete history of your employment background, including, the first job you ever held up until the present.

**ANSWER**:

    5.    State in detail all motor vehicle citations you have received during the course of your driving history.

**ANSWER**:

    6.    State in detail all motor vehicle accidents you have been involved in during the course of your driving history, providing the following:

        a.    The date of the motor vehicle accident;

        b.    The parties involved in the motor vehicle accident;

        c.    The locations by city and state where the accident occurred;

        d.    Whether you were provided a citation for violation of applicable traffic laws as a result of the accident; and

2

      e.      Whether any lawsuits resulted from the motor vehicle accidents, and if so, state the style of the lawsuit (i.e., the names of the parties to the lawsuit and the court where the case was pending), whether you were the plaintiff or defendant, and the result of the lawsuit (settlement, trial, etc.).

**ANSWER:**

7.      Have you ever been a party to a lawsuit?  If yes, state the names of the parties to the lawsuit, whether you were the plaintiff or defendant, the type of case, the court where the case was pending, and the disposition of the case.

**ANSWER**:

8.      State the names, addresses, and telephone numbers of all witnesses you intend to call at the trial of this case.

**ANSWER**:

9.      State whether your driver's licenses have ever been suspended, revoked, or cancelled, and if yes, state the date and reason of the suspension, revocation, or cancellation.

**ANSWER**:

10.      Other than your attorneys, state the names, addresses, and job titles of all persons that you have provided information to regarding the circumstances and events forming the basis of this lawsuit.

**ANSWER**:

11.      Did you have cellular phone service on the date of this incident?  If so, please state the name and address of the company that carried your cellular phone service and the telephone number for your cellular service.

3

**ANSWER**:

12.     Identify each person whom you expect to call as an expert witness at the trial of this case and, as to each, describe:

>     (a)     Qualifications as an expert;
>
>     (b)     Subject matter upon which said expert is expected to testify;
>
>     (c)     Give a summary of the grounds for each opinion;
>
>     (d)     Identify all documents which have been provided to the expert witness; and
>
>     (e)     Identify all documents prepared by the expert witness which relates to the subject matter of this lawsuit.

**ANSWER**:

13.     State the names, addresses, and telephone numbers of all persons who have given either written or oral statements to you or to any of your agents or lawyers.

**ANSWER**:

14.     Did you own the vehicle that was involved in the events forming the basis of this lawsuit?  If not, please provide the name of the person that does own the vehicle.

**ANSWER:**

15.     Identify by name and policy number all insurance companies and policies that may be applicable to the events forming the basis of this lawsuit, including policy limits of coverage.

**ANSWER:**

16.     Please list any and all arrests, whether or not they resulted in a conviction, and for each offense state the county of arrest, the charge(s), and the disposition.

**ANSWER:**

4

17.     Please list any and all prescriptions which have been filled in the 90 day period prior to the date of the collision, including the medication name and the dosage.

**ANSWER:**

18.     Please list any and all medical providers seen in the 90 day period prior to the date of the collision, and for each physician list the date of treatment and the condition treated and/or procedure.

**ANSWER:**

19.     Please list any and all medications (prescription or otherwise), drugs, and/or alcohol consumed in the twenty four hours preceding the collision.

**ANSWER:**

20.     Describe the events leading up to the collision, starting with your activities from the morning of the collision up to the collision itself.

**ANSWER:**

21.     Describe how the collision on December 16, 2015, which is the basis for this lawsuit, took place, presenting all events in detail in the order in which they occurred, before, at the time of, or after the occurrence.

**ANSWER:**

22.     Please identify your employer at the time of the subject accident, indicating the employer's business name/title, your position, job title, job duties, and a brief job description.

**ANSWER:**

5

23.    Please indicate where you were coming from, where you were going, and the reason

for your trip at the time of the subject accident.

**ANSWER:**

Respectfully submitted,

**/s/Henry A. Lawrence, III**
**HENRY A. LAWRENCE, III (LAW051)**
WETTERMARK & KEITH LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
P: (205) 933-9500
F: (205) 933-3139
Email: Hlawrence@wkfirm.com

**PLEASE SERVE WITH COMPLAINT**

6

DOCUMENT 5



ELECTRONICALLY FILED
7/3/2017 7:32 AM
39-CV-2017-900133.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
DONNA BARKSDALE, CLERK

## IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT MILES, an individual, ) | |
| ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **CIVIL ACTION NO. _____** |
| ) | |
| **JESSE RYAN an individual;** ) | |
| **ATC CHATTANOOGA LLC d/b/a PREMIER** ) | |
| **TRUCK GROUP OF CHATTANOOGA, a** ) | |
| **corporation;** ) | |
| **ABC, being that person, firm, or corporation** ) | |
| **that owned, leased, or otherwise controlled the** ) | |
| **vehicle being driven by Defendant JESSE RYAN** ) | |
| **and negligently and/or wantonly entrusted said** ) | |
| **vehicle to Defendant, JESSE RYAN, at the time** ) | |
| **of the collision which is the subject of this** ) | |
| **lawsuit;** ) | |
| **DEF, being that person firm or corporation that** ) | |
| **was the employer, master, or principal of** ) | |
| **Defendant(s) JESSE RYAN and/or ABC, whose** ) | |
| **true names and legal status are otherwise** | |
| **unknown to the Plaintiff, but who will be** | |
| **substituted by amendment when ascertained by** | |
| **Plaintiff,** | |

**Defendants.**

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JESSE RYAN

**COMES NOW** the Plaintiff, Roosevelt Miles , by and through undersigned counsel in the

above styled cause, pursuant to the Alabama Rules of Civil Procedure, and propounds the following

Requests for Production of Documents to the Defendant, Jesse Ryan, as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Produce a front and back copy of your current driver's license and a copy of your

driver's license that was in existence at the time of this incident.

1

**RESPONSE**:

2.      Produce a copy of all incident/accident reports, including but not limited to employment and governmental/police incident reports, that you possess concerning this incident.

**RESPONSE**:

3.      Produce a color copy of all photographs, drawings, and/or diagrams depicting the scene of the accident, and/or the surrounding area.

**RESPONSE**:

4.      Produce a color copy of all photographs, drawings, and/or diagrams depicting any of the vehicles and/or equipment involved in the occurrence(s) made the basis of this lawsuit.

**RESPONSE**:

5.      Produce a copy of any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgement which may be entered in this action against you or to indemnify or reimburse for payments made to satisfy the judgment that may be entered against you. This includes any/all umbrella and/or excess policies.

**RESPONSE**:

6.      Produce all documents or physical things that the Defendant may introduce as exhibits or use in any manner at the trial of this case.

**RESPONSE**:

7.      Produce copies of any and all documentation pertaining to estimates, repairs, invoices, and checks generated for the property damage sustained to the vehicle being driven by Defendant.

**RESPONSE**:

8.      Produce copies of any and all statements given by the Defendant, any witness, and/or

the Plaintiff, to any representative of Defendant's insurance company or any other person or party

pertaining to this incident that forms the basis of this lawsuit.

**RESPONSE**:

9.      Produce copies of any and all documents pertaining to your driving history, including

but not limited to your driving record/report and copies of any traffic citations you received.

**RESPONSE:**

10.     Produce copies of any and all documents used to assist you in answering the

Interrogatories propounded by the Plaintiff.

**RESPONSE**:

11.     Produced copies of any and all documents you make reference to in your answers to

Interrogatories propounded by Plaintiff.

**RESPONSE**:

12.     Produce any and all documents in your possession relating to the collision on

December 16, 2015.

**RESPONSE**:

13.     Produce a color copy of all photographs, videos, and/or any other media, of any type,

depicting the Plaintiff at the time of and/or after the occurrence of the subject accident.

**RESPONSE**:

Respectfully submitted,

**/s/Henry A. Lawrence, III**
**HENRY A. LAWRENCE, III (LAW051)**
WETTERMARK & KEITH LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
P: (205) 933-9500
F: (205) 933-3139
Email: Hlawrence@wkfirm.com

**PLEASE SERVE WITH COMPLAINT**

4

# EXHIBIT "B"



**WETTERMARK KEITH**
**PERSONAL INJURY LAWYERS**
**Because Your Case Matters**

3595 Grandview Parkway
Suite 350
Birmingham, AL 35243
ph  205-933-9500
tf  800-309-0500
fx  205-977-3431
**WKFirm.com**

October 18, 2016

Ms. Kristina Labarre
Central Insurance Companies
P.O. Box 353
Van Wert, OH 45891-9938

<div style="margin-left: 2em">

Re:     Our Client:              **Roosevelt Miles**
        Insured:                 Penske Commercial Vehicles/Jesse Ryan
        Date of Incident:        12/16/2015
        Claim #:                 525562

</div>

Dear Ms. Labarre,

My office represents Mr. Roosevelt Miles for injuries sustained following a motor vehicle collision with your insured that occurred in Jackson County, Alabama. Mr. Mile's case is in a position for settlement negotiations and I am writing to provide you with my thoughts.

Enclosed you will find a copy of the Police Report regarding this incident (**Exhibit A – Alabama Uniform Traffic Crash Report**). You will recall that your insured driver misjudged his stopping distance and failed to maintain control of his vehicle. As a result he collided with the rear of our insured's vehicle.

As a result of this collision, Mr. Miles treated with (**Exhibit B – Urgent MedCare**), The Orthopaedic Center (**Exhibit C – The Orthopaedic Center**), and Alabama Orthopedic, Spine & Sports Medicine (**Exhibit D – Alabama Orthopedic Spine & Sports Medicine**). Mr. Miles treated for injuries to his left knee, right knee and left shoulder.  MRI's of his knees revealed a tear of the medial meniscus (**Exhibit E – The Center of Imaging Excellence**) and subsequently Mr. Miles had bilateral knee surgery (**Exhibit F – Operative Report**).

As a result of your insured's actions, Mr. Miles incurred total Medical Bills of $101,206.32 (**Exhibit G – Medical Bills**).

At this time, I can recommend that Mr. Miles settle his claim for $750,000.00. To avoid the necessity of filing a lawsuit I will need to hear back from you within the next 14 days.

Sincerely,

Christopher Keith

# EXHIBIT "C"

## IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

| | |
|---|---|
| **ROOSEVELT MILES,** | * |
| | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *   **Civil Action No.: CV-17-900133** |
| | * |
| **JESSE RYAN and ATC** | * |
| **CHATTANOOGA, LLC d/b/a** | * |
| **PREMIER TRUCK GROUP OF** | * |
| **CHATTANOOGA,** | * |
| | * |
| **Defendants.** | * |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:     Clerk of Court
        Circuit Court of Jackson County

Please take Notice that the Defendants have this date filed their Notice of Removal in this

cause, a copy of which is attached hereto as **Exhibit "A"**, in the office of the Clerk of the United

States District Court for the Northern District of Alabama, Northeastern Division and that said

matter is now pending in the United States District Court for the Northern District of Alabama,

Northeastern Division.

Respectfully Submitted,

K. Phillip Luke (ASB-1515-E35K)

OF COUNSEL:
***WHITAKER, MUDD, LUKE & WELLS, LLC***
2011 4th Avenue North
Birmingham, AL 35203
Ph: 205-639-5300
Fx: 205-639-5350
pluke@wmslawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _3_ day of _August_, 2017, I electronically filed the foregoing with the Clerk of Court using the AlaFile system which will send notification of such filing to the following:

Attorney for the Plaintiff
Henry A. Lawrence, III
Wettermark & Keith, LLC
3595 Grandview Parkway, Suite 350
Birmingham, Alabama 35243
(205) 933-9500
hlawrence@wkfirm.com


OF COUNSEL

2